IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY GENE BUCK, #1068144, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2087-L |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Div., | ) | |
|     Respondent. | ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Diboll Unit in Diboll, Texas. Respondent is the TDCJ-CID Director. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: In 1999, Petitioner pled guilty to aggravated assault of a public servant and was sentenced to deferred adjudication probation. *See State v. Buck*, No. 32652 (249th Dist. Court, Johnson County). No appeal was taken. While on probation, petitioner pled guilty to burglary of a habitation. *See State v. Buck*, No. F34930 (249th Dist. Court, Johnson

County). He was sentenced to ten years confinement. The trial court also revoked his aggravated assault probation and sentenced him to a concurrent ten year term of imprisonment. Petitioner did not appeal either conviction. Thereafter, he unsuccessfully challenged, in state and federal habeas corpus proceedings, his burglary and aggravated assault convictions. *Buck v. Quarterman*, Nos. 3:08cv1318-K and 3:08cv1480-K (N.D. Tex. Nov. 25, 2008) (accepting magistrate judge's findings and recommendation and dismissing consolidated habeas petitions as time barred), *appeal pending before Fifth Circuit,* Nos. 09-10028 & 09-10030.

In the present petition, filed on November 21, 2008 (four days before the entry of the judgment in No. 3:08cv1318-K), Petitioner again seeks to challenge his conviction for burglary of a habitation, asserting three grounds for relief. (Pet. at 7).

The magistrate judge twice inquired whether Petitioner was seeking to file a new habeas corpus action, or whether he was supplementing his consolidated habeas petition in No. 3:08cv1318-K. Petitioner failed to respond. Instead, he filed multiple requests to dismiss the "indictment," claiming that he had pled guilty only to the offense of burglary of a habitation. (*See* Petitioner's motions filed on January 5, 9 and 15, 2009).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254 challenging his convictions for burglary of a habitation and/or aggravated assault of a public servant. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that Petitioner's motions to dismiss the indictment, to clear the record, and for leave to file second motion to clear up void indictment be DISMISSED as moot.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 27th day of January, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.