IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY GENE BUCK, #1068144**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-2087-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the court are the Findings and Recommendation of the United States Magistrate Judge, filed January 27, 2009. Petitioner filed objections on February 5, 2009.

Petitioner has brought a habeas petition pursuant to 28 U.S.C. § 2254, which the magistrate judge found was barred because it is a successive petition for post-conviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The magistrate judge found that Petitioner's claims are successive claims for which the Fifth Circuit has not issued an order authorizing a successive petition. The magistrate judge therefore recommends dismissing Petitioner's writ of habeas corpus without prejudice to his right to file a motion for leave to file a second or successive petition in the United States Court of Appeals for the

Order – Page 1

Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). The magistrate judge also recommends denying other motions filed by Petitioner as moot.

Petitioner objected to the magistrate judge's report, but his objection is a single sentence citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996), an age discrimination case. Without any explanation, the court does not understand the basis of his objection. Although this case sets forth certain standards for the appellate review of reports from magistrates and the adoption thereof by district courts, there is no substantive objection to consider. Accordingly, the court **overrules** Petitioner's objection.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court is without jurisdiction to consider Petitioner's writ of habeas corpus and therefore **dismisses** it **without prejudice** for lack of jurisdiction and without prejudice to Petitioner's right to file a motion for leave to file a second or successive section 2254 petition in the United States Court of Appeals for the Fifth Circuit. The court **denies as moot** Petitioner's Application to Proceed in forma pauperis, filed December 9, 2008; Motion to File a Motion to Dismiss Indictment by 28 U.S.C. § 1867(e), filed January 5, 2009; Requestion [sic] Permission from the Court in the form of a Motion to Clear Up the Records and Dat[a]bases That Shows the defendant Plead Guilty to Habitation only and Not to Intend of other felony, assault, or arson, filed January 9, 2009; Requestion [sic] Permission from the Court to file a Second Motion to Clear up or Void My Indictment, as Guilty Plea Memorandum was Mark and Signed for <u>Second Degree Felony Only</u>, on Page 3 of States Exhibit Number One, filed January 15, 2009; Requestion [sic] Permission from the Court to file a

Motion to Dismiss, filed January 27, 2009; Motion for Appointment of Counsel, filed January 27, 2009; and Motion for Leave to File an Amended Complaint, filed January 27, 2009.

**It is so ordered** this 23rd day of February, 2009.

Sam A. Lindsay
United States District Judge