**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY GENE BUCK, #1068144,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-2087-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Div.,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on April 22, 2009, Petitioner's motion for leave to proceed *in forma pauperis* filed on April 22, 2009, has been referred to the United States Magistrate.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On February 23, 2009, the District Court overruled Petitioner's objection, accepted the magistrate judge's findings, conclusion and recommendation, and dismissed the *pro se* petition for writ of habeas corpus without prejudice for lack of jurisdiction and without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.  On April 14, 2009, *fifty days* after the entry of judgment, Petitioner signed his motion to proceed *in forma pauperis* (IFP) and obtained a certificate of trust account.  The motion purports to appeal the District Court's ruling insofar as it contains a blank for the "5th Circuit Case No."  *See* IFP Motion at top right hand corner below file mark.  Since the filing of the IFP motion in this court on April 17, 2009, Petitioner has not

submitted a notice of appeal.

A party ordinarily has thirty days from the entry of the judgment to file a notice of appeal in a civil case.  Fed. R. App. P. 4(a)(1)(A).  A district court may extend the time to file a notice of appeal by 30 days if the petitioner timely requests an extension of time and shows excusable neglect or good cause for not meeting the deadline.  *See* Fed. R. App. P. 4(a)(5) (motion for extension of time must be filed within thirty days following the thirty-day period for filing a timely appeal, and must be supported by a sufficient showing of excusable neglect or good cause).

Even if the Court were to construe the IFP motion as a notice of appeal, in light of Petitioner's *pro se* status, it is untimely.  Petitioner filed it long after the thirty-day period to appeal under Rule 4(a)(1)(A).  Construed as a motion for extension of time under Rule 4(a)(5), the motion should be denied because it fails to show the requisite excusable neglect or good cause for not meeting the deadline.  Nor is Petitioner entitled to an extension under Rule 4(a)(6), of the Federal Rules of Appellate Procedure, since there is no indication that he did not have notice of the February 23, 2009 judgment.  *See* Fed. R. App. P. 4(a)(6) (providing relief only when a party does not receive notice of judgment).

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion for leave to proceed *in forma pauperis* be DENIED.

A copy of this recommendation will be mailed to Petitioner.

Signed this 23rd day of April, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

        In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.